IN THE UNITED STATES DISTRICT COURT

FOR THE NOTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Assorted Jewelry valued at $53,015.00<br><br>Defendant in Rem. | CASE NO. |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against the assorted jewelry valued at $53,015.00, seized from Mauro Gonzalez on February 14, 2024, a complete list of which is attached as Exhibit A to this complaint ("Defendant Property"):

**NATURE OF THE ACTION**

1. This is a forfeiture action under 21 U.S.C. § 881(a)(6). The United States seeks the forfeiture of the Defendant Property, because it is proceeds traceable to an exchange for a controlled substance in violation of 21 U.S.C. §§ 841(a) and/or 846.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and in rem jurisdiction is proper under 28 U.S.C. § 1355(b).

3. Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b), because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

4. The Plaintiff is the United States of America.

5. The Defendant Property is Assorted Jewelry valued at $53,015.00, seized from Mauro Gonzalez on February 14, 2024. A complete list of the various jewelry pieces constituting the Defendant Property is attached as Exhibit A to this complaint. The Defendant Property is currently in the custody of the U.S. Marshals.

6. Aletsy Cruz-Cepeda, a resident of Arlington, Texas claimed the Defendant Property on April 20, 2024, and sought judicial referral.

## FACTS

7. The factual basis for the forfeiture in this case involves an investigation by the DEA Strike Force Group 1 into the Eliseo Edgar Eisrael Rodriguez-Moreno Drug Trafficking Organization (hereinafter DTO), for suspected drug trafficking in Dallas, Texas.

8. On February 12, 2024, DEA agents obtained a State of Texas warrant for the arrest of Mauro Lizandro Gonzalez-Cepeda ("Mauro Gonzalez"), a known member of the DTO, for Manufacture/Delivery of a Controlled Substance.

9. Law enforcement determined Gonzalez's home address is in Arlington, Texas.

10. On February 14, 2024, law enforcement agents entered Gonzalez's residence pursuant to the arrest warrant.

11. At Gonzalez's residence, law enforcement officers observed Gonzalez's mother, Aletsy Cruz-Cepeda, exit a bathroom after trying to flush approximately 740 grams of methamphetamine down the toilet. Cruz-Cepeda was in the process of attempting to flush the methamphetamine when officers made entry into the residence.

12. Because drugs were observed in plain sight, law enforcement obtained a State of Texas search warrant for the premises of Gonzalez's residence.

13. A comprehensive search of the residence conducted the same day revealed 316 grams of cocaine, a scale, three firearms and ammunition, a large amount of U.S. Currency, notebooks and ledgers related to drug sales, and fifty pieces of jewelry located inside a safe.

14. The jewelry was found in a safe in the closet of the rear bedroom of Gonzalez's residence. At the time law enforcement entered the residence on February 14, 2024, the occupants of the rear bedroom were Brayan Gonzalez-Cepeda and a 12-year old juvenile.

15. Mauro Gonzalez provided agents with the combination to the safe.

16. Law enforcement officers determined that Cruz-Cepeda stayed in a different bedroom from the one in which the safe and jewelry were located. A search of Cruz-Cepeda's bedroom revealed no drugs, contraband, or other jewelry that was seized.

17. Mauro Gonzalez subsequently told law enforcement officers that the jewelry found in the safe belonged to him, and had been bought with drug proceeds.

18. Consequently, the jewelry was seized from Gonzalez's residence.

19. Following the seizure, agents searched the Texas Workforce Commission (TWC) database for both Mauro Gonzalez and Aletsy Cruz-Cepeda. Neither have any reported legitimate employment history per the TWC database.

20. Based on their training and experience, agents are aware that drug traffickers often use proceeds from drug sales to purchase gold jewelry in cash, like the jewelry located in the safe, as a way of storing value.

21. Due to Gonzalez and Cruz-Cepeda's lack of legitimate wages, the circumstances in which the jewelry was located, and the admission by Gonzalez, agents believe that the jewelry seized from Gonzalez's residence is proceeds of drug trafficking.

## FIRST CAUSE OF ACTION

### 21 U.S.C. § 881(a)(6)
### (forfeiture of property related to drug trafficking)

1. The United States reasserts all allegations previously made.

2. Under 21 U.S.C. § 881(a)(6), "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 et seq. are subject to forfeiture.

3. Under 21 U.S.C. § 841(a), it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." An attempt or conspiracy to do the same is also prohibited by 21 U.S.C. § 846.

4. As set forth above, the Defendant Property is proceeds traceable to such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. This property is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## **REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully asserts that the Defendant Property is forfeitable to the United States under 21 U.S.C. § 881(a)(6).

The United States further requests:

A. That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(ii), the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property.

B. That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

C. That a Judgment of Forfeiture be decreed against the Defendant Property;

D. That upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or its delegate be able to dispose of the Defendant Property according to law; and

E. That the United States receives its costs of court and all further relief to which it is entitled.

DATED this day of _1st___ August, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY


*/s/ Elyse J. Lyons*
Elyse J. Lyons
Assistant United States Attorney
Texas Bar No. 24092735
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8774
Facsimile: 214-659-8805
Elyse.lyons@usdoj.gov

ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Task Force Officer with the Drug Enforcement Agency (DEA). As a Task Force Officer with the DEA, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed on this ___1st_ day of August 2024.

_____
Task Force Officer Christian Abrahim
Drug Enforcement Agency